UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>SULLIVAN INTERNATIONAL GROUP, INC.,<br><br>Debtor.<br><br>CHRISTOPHER R. BARCLAY, Chapter 7 Trustee,<br><br>Appellant,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, subscribing to Professional Liability Insurance Policy No. B1216PRW167000,<br><br>Appellees. | Case No.: 19-cv-1008-WQH-NLS<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Motion for Withdrawal of Reference (ECF No. 1).

1

# BACKGROUND

On March 8, 2019, Plaintiff Christopher R. Barclay, Chapter 7 Trustee, ("Trustee") initiated this proceeding in the United States Bankruptcy Court for the Southern District of California ("Bankruptcy Court") by filing a complaint against Defendant Brit UW Limited ("Brit")[1] for (1) breach of contract and (2) turnover of estate property. (Ex. A to Def.'s Motion for Withdrawal of Reference, ECF No. 1 at 34, 42). Plaintiff Trustee alleges that Defendant Brit breached a professional liability insurance policy by refusing to provide coverage for a claim by Plaintiff Trustee's against 3C Advisors & Associates, Inc. ("3C") and refusing to pay Plaintiff Trustee the amount due on the 3C Judgment. *Id*. at 42. Plaintiff Trustee alleges that he is entitled to the turnover of $2,386,535.00 under the insurance policy because the sum "is property of the Debtor's bankruptcy estate that is in Defendant [Brit's] possession" and "is matured, payable on demand, or payable on order." *Id*. at 43.

On April 22, 2019, Defendant Brit filed a Motion to Withdraw the Reference of the Adversary Proceeding. (Bankr. Court ECF No. 12). On May 9, 2019, Plaintiff Trustee filed an Opposition to Defendant Brit's Motion to Withdraw the Reference. (Bankr. Court ECF No. 17). On May 16, 2019, Defendant Brit filed a Reply in Support of the Motion to Withdraw the Reference. (Bankr. Court ECF No. 19).

On May 29, 2019, the Clerk of the Bankruptcy Court referred and transmitted the Motion for Withdrawal of Reference to this Court. (ECF No. 1-2). On June 3, 2019, this Court issued a Minute Order directing any Responses in Opposition to be filed on or before July 8, 2019 and any Replies to be filed on or before July 15, 2019. (ECF No. 2). On July 8, 2019, Plaintiff Trustee filed an updated Response in Opposition. (ECF No. 3). On July 15, 2019, Defendant Brit filed an updated Reply. (ECF No. 4).

---

[1] Sued as Certain Underwriters at Lloyd's, London, subscribing to Professional Liability Insurance Policy No. B1216PRW167000.

# FACTS

In December 2014, the Debtor Sullivan International Group, Inc. retained 3C as its financial advisor.[2] Fewer than four months later, 3C informed the Debtor that it was unsuccessful in finding potential buyers for the Debtor's business and other sources of capital financing. 3C advised the Debtor to file for protection under Chapter 11 of the Bankruptcy Code. On April 6, 2015, the Debtor commenced a bankruptcy case under Chapter 11. (Bankr. Ct. Proc. No. 1).

On May 5, 2015, the Debtor filed an ex parte application with the Bankruptcy Court seeking authority to employ 3C as Debtor's financial advisor in its bankruptcy case. (Bankr. Ct. Proc. No. 82). On May 29, 2015, the Bankruptcy Judge issued an Order approving of 3C's employment by Debtor in its bankruptcy case. (Bankr. Ct. Proc. No. 158).

Fewer than three months later, Debtor's business collapsed. On September 11, 2015, the Bankruptcy Judge issued an Order converting the Debtor's case from Chapter 11 to Chapter 7. (Bankr. Ct. Proc. No. 472). On September 14, 2015, Christopher R. Barclay was appointed as Chapter 7 Trustee of the Debtor. (Bankr. Ct. Proc. No. 481).

On February 16, 2017, Plaintiff Trustee initiated an adversary proceeding in Bankruptcy Court against 3C alleging claims for professional negligence, breach of fiduciary duty, and unjust enrichment. (Bankr. Ct. Proc. No. 846). At the time Plaintiff Trustee filed the lawsuit, 3C was insured under a policy issued by Defendant Brit for the period of July 27, 2016 to July 27, 2017. (Ex. B, ECF No 1 at 79; Barclay Decl. ¶ 6, ECF No. 1-5 at 2). On February 21, 2017, 3C tendered defense of the lawsuit to Defendant Brit after receipt of Trustee's Summons and Complaint. On March 9, 2017, Defendant Brit

---

[2] The following facts, which appear to be undisputed, are presented in Defendant Brit's Motion for Withdrawal of Reference (ECF No. 1) and Plaintiff Trustee's Response in Opposition to Defendant's Motion to Withdraw the Reference (ECF No. 3). No discovery has been conducted in this adversary proceeding. (Barclay Decl. ¶ 6, ECF No. 1-5 at 2).

acknowledged the claim. On April 11, 2017, Defendant Brit declined coverage for the lawsuit under the insurance policy.

October 8, 2018, Plaintiff Trustee and 3C entered into a Settlement Agreement, in which 3C stipulated to entry of judgment in the amount of $2,386,535. On December 14, 2018, the Bankruptcy Court issued an Order approving the Settlement Agreement and entering judgment in favor of Plaintiff Trustee and against 3C in the amount of $2,386,535.00. (Ex. B, ECF No. 1 at 73-74). On January 25, 2019, Defendant Brit requested that Defendant Brit honor the insurance policy and provide coverage for the judgment. On February 26, 2019, Defendant Brit declined insurance coverage for the judgment.

On March 8, 2019, Plaintiff Trustee initiated this proceeding by filing a complaint against Defendant Brit in Bankruptcy Court. (Ex. A to Def.'s Motion for Withdrawal of Reference, ECF No. 1 at 34). On April 22, 2019, Defendant Brit filed a Motion to Withdraw the Reference. (Bankr. Court ECF No. 12). On May 29, 2019, the Clerk of the Bankruptcy Court referred and transmitted Defendant Brit's Motion for Withdrawal of Reference to this Court. (ECF No. 1-2).

## CONTENTIONS

Defendant Brit contends that the breach of contract claim by Plaintiff Trustee is a non-core claim arising under contract rights governed by New York state law. Defendant Brit contends that the non-core claim does not depend on bankruptcy laws for its existence, that the claim could proceed in another court, and that the claim is not inextricably intertwined with the administration of the bankruptcy case. Defendant Brit further contends that the turnover claim by Plaintiff Trustee is a non-core claim because it is predicated on the breach of contract claim. Defendant Brit contends that the Bankruptcy Court lacks constitutional authority to enter a final judgment on either claim and will be limited to making recommendations subject to de novo review by this Court. Defendant Brit contends that the Bankruptcy Court cannot preside over the jury trial on the breach of

contract claim. Defendant Brit contends that efficiency concerns, prospective delay, and costs favor withdrawing the reference because the claims to be withdrawn are non-core.

Plaintiff Trustee contends that Defendant Brit cannot establish cause for immediate permissive withdrawal of the reference of this adversary proceeding. Plaintiff Trustee "acknowledges that the breach of contract claim is 'non-core' and that [Plaintiff] Trustee must prevail on that claim before the court can order turnover under Bankruptcy Code § 542(b)." (ECF No. 3 at 17). However, Plaintiff Trustee contends that the turnover claim is a core claim. Plaintiff Trustee contends that he would be entitled to an order directing Defendant Brit to pay the amount due in the event that liability is established on the breach of contract claim. Plaintiff Trustee contends that the presence of a non-core claim and a jury trial demand do not constitute cause for immediate withdrawal. Plaintiff contends that the Bankruptcy Judge is better positioned to oversee all pre-trial matters in this case. Plaintiff asserts that the efficiencies gained by the Bankruptcy Judge presiding over pre-trial proceedings outweigh any potential delay or costs.

## LEGAL STANDARD

District courts, rather than bankruptcy courts, have original jurisdiction over all bankruptcy matters. 28 U.S.C. § 1334(b). However, district courts may refer all bankruptcy matters to a bankruptcy court. 28 U.S.C. § 157(a). 28 U.S.C. § 157(d) provides that

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). The burden of persuasion is on the party seeking withdrawal. *Hawaiian Airlines, Inc. v. Mesa Air Group, Inc.,* 355 B.R. 214, 218 (D. Haw. 2006).

28 U.S.C. § 157(d) "contains two distinct provisions: the first sentence allows permissive withdrawal . . . ." *In re Temecula Valley Bancorp, Inc.*, 523 B.R. 210, 214

5

(C.D. Cal. 2014) (internal quotation marks omitted). In regards to permissive withdrawal, "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Security Farms v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (*citing In re Orion Pictures Corp.,* 4 F.3d 1095, 1101 (2d Cir.1993)).

"[C]haracterization of the claims as core or non-core [under 28 U.S.C. § 157(b)] is useful before considering the [*Sec. Farms*] factors." *Hawaiian Airlines,* 355 B.R. at 223. "Non-core proceedings" are those which "do not depend on bankruptcy law for their existence and that could proceed in another court[.]" *Sec. Farms,* 124 F.3d at 1008.

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1).

## DISCUSSION

In this case, the primary claim is non-core and Plaintiff Trustee must prevail on the breach of contract claim before the court can order turnover under Bankruptcy Code § 542(b). Plaintiff Trustee concedes that only "after Defendant [Brit]'s liability is established," can Plaintiff Trustee be "entitled [to] an order under § 542(b) directing Defendant [Brit] to pay the amounts due to [Plaintiff] Trustee." (ECF No. 3 at 18). Plaintiff Trustee "acknowledges that Defendant [Brit] has demanded a jury trial, does not consent to [the Bankruptcy Judge] conducting the jury trial, and does not consent to the entry of final orders or judgment by [the Bankruptcy Judge]." *Id*. at 17. Plaintiff Trustee concedes

that "at least with respect to [Plaintiff] Trustee's breach of contract claim, any jury trial would have to take place in this Court, and [the Bankruptcy Judge] would be limited to providing a proposed statement of undisputed material facts and proposed conclusions of law to this Court for de novo review with respect to any summary judgment motion that the parties may file." *Id.*

Although a bankruptcy court may hear certain non-core issues, findings of fact and conclusions of law on such issues are subject to de novo review by a district court absent consent of both parties. 28 U.S.C. § 157(c). Defendant Brit has not consented and any findings of the Bankruptcy Court as to the breach of contract claim will be subject to de novo review. "Inasmuch as the [B]ankruptcy [C]ourt's determinations on non-core matters are subject to [de novo] review by the district court, unnecessary costs could be avoided by a single proceeding in the district court." *Sec. Farms,* 124 F.3d at 1009; *see Castlerock Props.,* 781 F.2d at 162; *In re Mann,* 907 F.2d 923, 926 (9th Cir.1990). In this case, the efficient use of judicial resources favors the withdrawal of reference. Both parties agree the breach of contract claim is non-core and must be adjudicated before the turnover claim. *See Sec. Farms,* 124 F.3d at 1008 ("In this case efficiency was enhanced by withdrawing the reference because non-core issues predominate"). The Court concludes that permissive withdrawal is appropriate because the primary claim at issue, which must be decided first, is non-core and "unnecessary costs could be avoided by a single proceeding in the district court." *Id.,* at 1009.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Withdrawal of Reference (ECF No. 1) is GRANTED.

Dated: October 30, 2019

Hon. William Q. Hayes
United States District Court