UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>SULLIVAN INTERNATIONAL GROUP, INC.,<br><br>Debtor. | Case No.: 3:19-cv-01008-WQH-AHG<br><br>**ORDER** |
| CHRISTOPHER R. BARCLAY, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, subscribing to Professional Liability Insurance Policy No. B1216PRW167000,<br><br>Defendant. | |

HAYES, Judge:

The matters pending before the Court are the Motion for Leave to File a Second Amended Complaint filed by Plaintiff Christopher R. Barclay, Chapter 7 Trustee (ECF No. 26) and the Motion for Partial Summary Judgment filed by Defendant Brit UW Limited (ECF No. 27).

1

## PROCEDURAL BACKGROUND

On March 8, 2019, Plaintiff Christopher R. Barclay, Chapter 7 Trustee, ("Trustee") initiated this proceeding in the United States Bankruptcy Court for the Southern District of California ("Bankruptcy Court") by filing a Complaint against Defendant Brit UW Limited ("Brit")[1] for (1) breach of contract and (2) turnover of estate property. (Ex. A to Def.'s Motion for Withdrawal of Reference, ECF No. 1 at 34-43).

On April 22, 2019, Defendant Brit filed a Motion to Withdraw the Reference. (Bankr. Court ECF No. 12). On May 29, 2019, the Clerk of the Bankruptcy Court referred and transmitted the Motion for Withdrawal of Reference to this Court. (ECF No. 1-2). On October 31, 2019, this Court granted the Motion for Withdrawal of Reference filed by Defendant Brit (ECF No. 1). (ECF No. 6).

On January 8, 2020, Plaintiff Trustee filed a Notice of Lodgment of the First Amended Complaint ("FAC") against Defendant Brit for (1) breach of contract and (2) turnover of estate property. (ECF No. 13). Plaintiff Trustee alleges that Defendant Brit breached a professional liability insurance policy by refusing to provide coverage for a claim by Plaintiff Trustee against 3C Advisors & Associates, Inc. ("3C") and refusing to pay Plaintiff Trustee the amount due on the 3C Judgment. *See id.* at 12-13. Plaintiff Trustee alleges that he is entitled to the turnover of $2,386,535.00 under the policy because the sum "is matured, payable on demand, or payable on order" and "shall constitute property of the Debtor's bankruptcy estate that is in Defendant[] [Brit's] possession . . . ." *Id*. at 13.

On January 9, 2020, Defendant Brit filed a Notice of Lodgment of the Answer and Affirmative Defenses to the FAC. (ECF No. 14).

---

[1] Sued as Certain Underwriters at Lloyd's, London, subscribing to Professional Liability Insurance Policy No. B1216PRW167000.

On May 29, 2020, Plaintiff Trustee filed a Motion for Leave to File a Second Amended Complaint ("SAC"). (ECF No. 26). On the same day, Defendant Brit filed a Motion for Partial Summary Judgment. (ECF No. 27).

On June 22, 2020, Defendant Brit filed a Response in opposition to Plaintiff Trustee's Motion for Leave to File a SAC (ECF No. 26). (ECF No. 28). On the same day, Plaintiff Trustee filed a Response in opposition to Defendant Brit's Motion for Partial Summary Judgment (ECF No. 27). (ECF No. 29).

On June 29, 2020, Defendant Brit filed a Reply to the Motion for Partial Summary Judgment (ECF No. 27). (ECF No. 30). On the same day, Plaintiff Trustee filed a Reply to the Motion for Leave to File a SAC (ECF No. 26). (ECF No. 31).

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 states that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors courts should consider when deciding whether to grant leave to amend "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital,* 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

**RULING OF THE COURT**

Plaintiff Trustee seeks to file a SAC to add a cause of action for breach of the covenant of good faith and fair dealing. Defendant Brit contends that Plaintiff Trustee has unduly delayed in seeking leave to add a cause of action. Defendant Brit contends that the proposed new cause of action will prejudice Defendant Brit by changing the nature of the action and amount of damages from a contractual dispute to a tort dispute. Defendant Brit contends that Plaintiff Trustee has acted in bad faith by seeking leave to add a cause of action shortly before the close of discovery.

The Court finds that Defendant Brit has failed to make a "strong showing of any of the [ ] *Foman* factors" to warrant deviation from the "*presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052. The Motion for Leave to File a Second Amended Complaint filed by Plaintiff Christopher R. Barclay, Chapter 7 Trustee (ECF No. 26) is GRANTED. Plaintiff Christopher R. Barclay, Chapter 7 Trustee may file a Second Amended Complaint within thirty (30) days of the entry of this Order.

The Motion for Partial Summary Judgment filed by Defendant Brit UW Limited (ECF No. 27) is DENIED as moot.

Dated: August 14, 2020

Hon. William Q. Hayes
United States District Court